## WILSON, etc. v HUMANA OF FLORIDA, etc., et al.

Case No. 88-419-CA

Fourth Judicial Circuit, Clay County

December 27, 1988

### OPINION OF THE COURT

WILLIAM A. WILKES, Circuit Judge.

*ORDER OVERRULING OBJECTION AND GRANTING MOTION TO COMPEL PRODUCTION OFINCIDENT REPORT*

This case came on for hearing on the Plaintiff's Motion dated May 31, 1988, for production of the incident or occurrence report prepared by the Defendant Humana of Orange Park, Inc., d/b/a Humana Hospital. On June 27, 1988, the Defendant Humana filed objections to the production on various grounds, including that the document was privileged and prepared in anticipation of litigation.

Florida Statutes 395.041, *Florida Statutes* (1987), (and its predecessor, Section 768.41, *Florida Statutes* (1985)), provides that the required internal risk management program at each hospital maintain incident reports regarding injuries and adverse incidents in a hospital. Subsection (4), provides, in part, that these "incident reports shall be considered to be a part of the work papers of the attorney defending the

establishment in litigation relating thereto *and shall be subject to discovery* . . . ." (emphasis supplied)

Fla.R.Civ.P. 1.280(b)(2), allows discovery of work product "only upon a showing that a party seeking discovery has need of the material in preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

*Florida Statutes* 90.613, provides:

REFRESHING THE MEMORY OF A WITNESS—When a witness uses a writing or other item to refresh his memory while testifying, an adverse party is entitled to have such writing or other item produced at the hearing, to inspect it, to cross examine the witness thereon and to introduce it, or, in the case of a writing, to introduce those portions which relate to the testimony of the witness, in evidence.

The Humana Hospital incident or occurrence report relating to the death of John C. Wilson, was prepared by nurses Barbara Rectenwald and Sherry Ann Grossglass. At the deposition of Ms. Rectenwald, she stated that she and nurse Grossglass completed the report at the end of their shift on the day of John Wilson's death and that she reviewed it in the course of preparing for her deposition. (Deposition, Rectenwald, page 59, lines 1-13).

Nurse Grossglass testified that she prepared for her deposition by reviewing the incident report which she helped prepare, and which contained a chronology of the events leading up to the death of John Wilson. She also testified that reviewing the report helped her recall the events of that day and the report was made at a point in time when those events were fresher in her mind than at the time of the deposition. (Deposition, Grossglass, pages 40/41; 49).

The Court finds that the Florida Legislature did not label hospital incident reports as "privileged" but rather as work papers of the defense attorney, which are specifically subject to discovery. In this instance, the report was used by two key witnesses in refreshing their recollection prior to giving testimony. Plaintiff is unable to obtain the substantial equivalent of the occurrence report by any other means.

WHEREFORE, the Court finds that the incident report of Humana Hospital is discoverable in this case and therefore the Motion to Compel is granted and the hospital's objection to the production is overruled. Humana of Florida, Inc. shall provide the subject incident report within ten (10) days of the date of this Order.

DONE and ORDERED at Green Cove Springs, Clay County, Florida, this 27th day of December, 1988.